Mayor Curry:
This office is in receipt of your request for an opinion from the Attorney General concerning whether the City of New Iberia can revoke a prior act of donation, without consideration, and simply give a piece of donated property back to the original owner. You make this request in light of LA.REV.STAT. § 33:4712. The Attorney General's response to your inquiry is as follows.
BACKGROUND INFORMATION
Based upon the documentation you provided with your request, the following is a synopsis of the facts germane to your inquiry. On or about December 19, 2002, the Lewis Development Company, L.L.C. (a Louisiana limited liability company) executed an ACT OF DONATION which appears to have irrevocably given, granted, and donated a 3.692 acre tract of land and all improvements, servitudes, easements, and rights of way thereupon to the City of New Iberia, Louisiana. Based upon the description contained in the ACT OF DONATION, this tract is located within the contiguous boundaries of the City of New Iberia, Louisiana. The ACT OF DONATION appears to be valid (witnessed, notarized, executed, etc.) and appears to have been recorded in Iberia Parish's Conveyance Book 1253, Folio 470, Entry 02-16824.
The ACT OF DONATION (which identified the Lewis Development Company as "DONOR" and the City of New Iberia as "CITY" and/or "DONEE") then included the following condition which placed an obligation upon the City of New Iberia:
 DONOR declares that this donation is made in consideration of DONOR'S desire to encourage and support public recreational use in the area in which the donated property is located, and DONOR and DONEE agree that the donated property shall be used for a public park and greenspace [sp.] and appurtenant uses. *Page 2 
 The CITY appears herein and accepts this donation in accordance with the terms hereof and acknowledges gratitude therefor. This document may be signed in duplicate originals, or with duplicate pages.
The parties' inclusion of this sentence containing the condition of usage makes the donation conditional upon the City of New Iberia's fulfilling its obligation to use the donated property for a public park and green space and appurtenant uses. Placing this condition upon the donation appears to comport with Article 1527 of the Louisiana Civil Code which states, "The donor may impose on the donee any conditions he pleases, provided they contain nothing contrary to law or good morals."[1] This office believes the Lewis Development Company's placement of this condition on its donation contains nothing contrary to law or good morals.
Unfortunately, as described by you, the City of New Iberia has determined the tract of land at issue is not feasible for a public park and/or green space. The City of New Iberia now desires to revoke theACT OF DONATION and adopt an ordinance relinquishing the property back to Lewis Development Company as the property's original owner.
ARTICLE VII, § 14 OF THE LOUISIANA CONSTITUTION OF 1974
Before our Office can answer your inquiry directly, it is important to recognize the property's nature and who/what currently owns the property. Based upon the documentation you provided (and admittedly without benefit of independently corroborating the tract's chain of title), it would appear as though the tract of land at issue is immovable in nature.[2] And it appears the City of New Iberia currently owns the tract of land at issue because its donation appears to have been a valid, voluntary transfer of the ownership of an immovable.[3]
Consequently, it appears the tract of land is an immovable currently owned by the City of New Iberia.
The City of New Iberia is a municipality and a political subdivision of the State of Louisiana.[4] Any property belonging to the City of New Iberia is considered to be public in nature, whether movable or immovable. Therefore, it appears the tract of land at issue is public property. Because the tract of land at issue is public *Page 3 
property, we must at least acknowledge the general prohibition against the donation of public property to a private corporation found at Article VII, § 14 of the Louisiana Constitution of 1974:
 Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Except as otherwise provided in this Section, neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.[5]
In addition, we are instructed by La.C.C. Art. 1566, which states:
 If a donation is made on a condition that the donee has the power to perform or prevent, or depends on the performance of a charge by the donee, the nonfulfillment of the condition or the nonperformance of the charge does not, of right, operate a dissolution of the donation. It may be dissolved only by consent of the parties or by judicial decree.[6]
Therefore, had the parties not included the aforementioned, specifically-articulated condition of usage in the ACT OF DONATION, Article VII, § 14(A) would likely prohibit the City of New Iberia from consenting to a dissolution of the donation, adopting an ordinance giving the property back to the Lewis Development Company without benefit of consideration, and then, in fact, transferring the tract of land back to Lewis Development Company without benefit of compensation. That would have been an unlawful donation of public property.
However, the parties' inclusion of the condition of usage in the ACT OFDONATION made the donation contingent upon the City of New Iberia's fulfilling a condition — a condition it has now stated it cannot fulfill. Therefore, it is the opinion of this office that the City of New Iberia can consent to the dissolution of the ACT OF DONATION and return the tract of land to the Lewis Development Company without benefit of compensation. We would instruct the City to enact a resolution or ordinance acknowledging its inability to fulfill the duty placed upon it by the terms and conditions or the ACT OF DONATION prior to any such dissolution.
In the alternative, after passing an ordinance as explained above, the City of New Iberia may file a petition for a Declaratory Judgment, in a court of competent *Page 4 
jurisdiction and venue, to have the donation dissolved because of the failure of the condition.
LA.REV.STAT. § 33:4712
As part of your inquiry, you questioned the applicability of LA.REV.STAT. § 33:4712 to this situation. Briefly, LA.REV.STAT. § 33:4712
allows a municipality to sell, term-lease, exchange, or otherwise dispose of property which is, in the opinion of the municipality's governing authority, not needed for public purposes. Any such disposition must be conducted at public or private sale and can be to or with another political corporation of this state or a private person. Before any such disposition can be made of property under LA.REV.STAT. § 33:4712, an ordinance must be introduced which articulates the reasons for the property's disposition and fixes a minimum price and terms of the disposition. Depending upon the nature of the property and its value, certain criteria must then be met in order to ensure a transparent disposition.
However, in light of the aforementioned conclusion concerning the nature of the donation, we are of the opinion LA.REV.STAT. § 33:4712
is not germane to this situation.
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 Irys L. V. Allgood Assistant Attorney General
 JDC/ILVA/tp
[1] LA. CIV. CODE art. 1527.
[2] LA. CIV. CODE art. 462.
[3] LA. CIV. CODE art. 509.
[4] LA. CONST. art. VI, § 44.
[5] LA. CONST. art. VII, § 14.
[6] LA. CIV. CODE art. 1566.